**UNITED STATES, Appellee,**

v.

**Gabriel RIVERA, Jr., Staff Sergeant, U.S. Army, Appellant.**

No. 53,339.

CM 446752.

U.S. Court of Military Appeals.

June 15, 1987.

For Appellant: *Colonel Brooks B. La-Grua, Lieutenant Colonel Paul J. Luedtke, Major Joel D. Miller, Captain Kevin T. Lonergan* (on brief); *Major Edwin D. Selby.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Larry D. Williams, Captain Thomas L. Herrington* (on brief); *Captain Kathy J.M. Peluso.*

*Opinion of the Court*

EVERETT, Chief Judge:

Tried by a general court-martial consisting of officer and enlisted members, appellant was convicted, despite his pleas, of indecent assault and attempted forcible sodomy, in violation of Articles 134 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 880, respectively. Appellant was sentenced to a dishonorable discharge, confinement for 3 years, and reduction to the lowest enlisted grade. Except for reducing the confinement to 2 years, the convening authority approved these results. The Court of Military Review affirmed.[1]

At a session under Article 39(a), UCMJ, 10 U.S.C. § 839(a), immediately prior to

---

1. We granted review of this specified issue: WHETHER UNDER THE PARTICULAR FACTS OF THIS CASE, DEFENSE COUNSEL SATISFIED THE REQUIREMENT OF MIL.R. EVID. 103(a)(2) THAT THE NATURE OF THE EVIDENCE BE MADE KNOWN TO THE MILITARY JUDGE.

trial, the military judge considered a number of evidentiary matters. Among them was an objection, made by trial counsel through a bench memorandum, to anticipated defense evidence on the merits of the case which would address appellant's good military character. The matter arose at trial in this context:

DC: Your Honor, I assume that trial counsel, by providing me with the bench memorandum, also in dealing with military character evidence, I might as well address that at this time. It would be the position of the defense that military good character is an appropriate defense and character evidence of that type is appropriate when the charges that several of the lesser included offenses also involve a violation of Article 134 in the sense that it requires conduct such as to

bring discredit upon the military, if known, or essentially military offenses. Normally Article 134 offenses are offenses that are not necessarily crimes in the civilian world but only rise to the level of criminal conduct within the context of the military environment. As such, the military character evidence of the accused in this case will be necessary to show that he would tend not to commit those types of crimes.

At this point, trial counsel handed up a short bench memorandum on military character evidence.[2] After a brief discussion, the memorandum came to the conclusion that "[a]n offer of good military character evidence should not be accepted." Trial counsel did not supplement this memorandum with oral argument. Defense counsel responded that he had just seen "an advance sheet ... on a recent Court of Military Appeals case" holding "that military character evidence was appropriate" in a trial for "off-post use of marijuana." On the basis of this precedent, he contended that Rivera's good military character was admissible.

Thereupon, the military judge ruled, "I don't believe that it is; the objection to military character will be sustained." After the judge had satisfied himself that the parties had no further matters to be addressed, trial before the members began.

■ Defense counsel was correct in his contention that evidence of good military character was admissible. *See United States v. Vandelinder*, 20 M.J. 41 (C.M.A. 1985); *United States v. Weeks*, 20 M.J. 22 (C.M.A. 1985); *United States v. Piatt*, 17 M.J. 442 (C.M.A. 1984). However, the Government relies on Mil.R.Evid. 103(a)(2), Manual for Courts-Martial, United States, 1984, to support its contention that this objection was waived by defense failure to make an offer of proof.

■ Mil.R.Evid. 103(a)(2) allows appellate assignment of error to be predicated upon a trial ruling which excludes evidence only if "the substance of the evidence was made known to the military judge by offer or was apparent from the context within which questions were asked." This provision was intended to assure that, in ruling on offers of evidence, a military judge would know what he was excluding, and appellate judges would be similarly informed for purposes of review. Here the "substance" of the excluded evidence was known to the military judge and "was apparent" from the context. He was quite content with the information that he had been provided: He did not ask trial counsel to be more specific as to the scope of his motion *in limine;* and he did not request defense counsel to specify what evidence of good military character might be available. There is no indication whatsoever that the military judge was misled.

Furthermore, the record in this case provides an appellate court an adequate basis not only to determine that the judge's ruling on the motion *in limine* was in error but also to decide whether appellant was prejudiced. We need not speculate what the evidence of good military character

2. This appellate exhibit stated as the issue: "May defense use evidence of good military character on charges unrelated to a specific military duty."

might have been because the defense offered such evidence later in mitigation and extenuation. Under the circumstances of this case, it can be fairly assumed that this evidence was substantially the same as that which would have been offered prior to findings, if the motion *in limine* had been denied.

■ Moreover, Mil.R.Evid 103(a) was intended primarily to deal with a situation where a proponent party has unsuccessfully offered evidence. When, instead, the opposing party chooses to use a motion *in limine* in a preemptive strike to prevent an anticipated future offer of evidence, the movant has the responsibility for delineating the evidence which he wishes excluded. If he paints with too broad a brush and the military judge fails to limit him in this regard, then the movant is not entitled to have his adversary penalized for the failure to specify what evidence might have been offered if the motion had not been granted.

In determining whether appellant was prejudiced by the military judge's error, the issue is whether the character evidence that was considered by the court-martial for sentencing purposes might have changed the outcome if it had been received on the issue of guilt and innocence. The Court of Military Review did not consider this issue because it concluded that, under Mil.R.Evid. 103(a), any error in the military judge's ruling had not been properly preserved. Because we now rule otherwise, that court should have the opportunity to decide, under the test prescribed in *United States v. Weeks, supra* at 25, whether appellant was prejudiced by the military judge's ruling on the motion *in limine. Cf. United States v. Court,* 24 M.J. 11 (C.M.A. 1987).

The decision of the United States Army Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for reconsideration in light of *Weeks.*

Judge SULLIVAN concurs.

COX, Judge (concurring in the result):

Offers of proof seem to be troublesome for the practitioner as well as for the military judge. It may be helpful to consider the requirements of Mil.R.Evid. 103 in light of the facts of this case and the evolving motions practice in the military.

Mil.R.Evid. 103 provides, in part, as follows:

(a) *Effect of erroneous ruling.* Error may not be predicated upon a ruling which admits or excludes evidence unless the ruling materially prejudices a substantial right of a party, and

\*  \*  \*  \*  \*  \*

(2) *Offer of proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the military judge by offer or was apparent from the context within which questions were asked.

An offer of proof is a "statement by counsel setting forth the substance of the expected testimony or other evidence." Analysis of the 1980 Amendments to the Manual for CourtsMartial, App. 22, Manual for Courts-Martial, United States, 1984, at A22–2. In my judgment, the information offered by defense counsel in this case was not adequate to preserve his position because he did not make the "substance of the evidence ... known," and it is not "apparent" to me "from the context." Military character is not a particularized term of art but depends upon expected testimony and other documents to have a vitality of its own. I would have required a more substantive presentation of the expected evidence to qualify it as an offer of proof.

There are two reasons why I believe the result is correct in this case. First, I believe that the military judge has a duty to found his ruling upon a proffer. He, like counsel, assumed too much and did not ask for a substantive presentation on the record. Granted, this military judge did not have the benefit of our cases permitting an accused to offer evidence of his good military record and character; and, more than likely, he was not concerned

with the substance of the evidence because he believed it all was inadmissible. Be that as it may, the judge had some responsibility to predicate his ruling upon a proffer and not jump the gun, so to speak.

Second, I have grave reservations about the propriety of the motion *in limine* in the context of this case. The majority opinion calls it "a preemptive strike." 24 M.J. at 158. That is probably as good a term as any to give it. It seems to me that a defense counsel would feel compelled to resist such a motion. As I understand the law, an accused is presumed innocent until the Government persuades the triers of fact beyond a reasonable doubt that the accused is guilty. If that be the law, then an accused has no duty to introduce evidence. It is only when the accused decides to introduce evidence that it may become objectionable, and then it must be judged in light of the purpose for which it is offered. Mil.R.Evid. 401, 402. In my judgment, motions *in limine* are primarily defense motions used to litigate suppression motions or to block the Government's use of witnesses or evidence which counsel has reason to believe will result in inadmissible evidence coming before the court-martial.

The Government's use of motions *in limine* are more administrative in nature, such as asking the judge not to order production of a requested defense witness, or to limit cross examination of a government witness, or other such matters related to the government's case or its administrative responsibilities. Like the majority opinion, I am not willing to require an accused to show his hand or to require him to make an offer of proof at a motion *in limine* when he has no duty to present the evidence in the first place.

This is not to say, however, that an accused is precluded from litigating evidentiary matters before trial in an Article

39(a), 10 U.S.C. § 839(a) session; indeed, there may be occasions where it is necessary and desirable,

(1) in order to develop a logical and consistent defense; or

(2) in determining whether to subpoena witnesses, experts, etc., or as otherwise may be required by law, such as Mil.R. Evid. 412.

In my view, the problem created by this case is that defense counsel never made an offer of proof during the motion or during his case-in-chief. There is nothing in the record for an appellate court to review.* If the defense chooses to litigate such an issue *in limine,* I read Mil.R.Evid. 103 to require an adequate proffer at that time. At a minimum, the defense certainly must make an adequate record when it would have introduced the evidence. I am concerned that the majority opinion might be construed as forgiving an offer of proof if the Government uses such a motion as a "preemptive strike." If it is construed as such, then the ability to afford appellate review of a military judge's ruling during a motion *in limine* is doubtful. *If we do not require an offer of proof somewhere, what are we going to review?*

In any event, counsel made at best a "poor" proffer and, unlike my Brothers, I had no way of knowing what he might have had in mind until he offered his evidence during sentencing. However, given the state of the law at the time of this trial, I have no quarrel with remanding this case to the Court of Military Review for a determination of prejudice. *United States v. Weeks,* 20 M.J. 22, 25 (C.M.A. 1985).

---

* *See, U.S. v. Means,* 24 M.J. 160 (C.M.A. 1987).