UNITED STATES, Appellee,

v.

Anthony M. VARELA, Electronics Technician Second Class, U.S. Navy, Appellant.

No. 56,367.

NMCM 86 0801.

U.S. Court of Military Appeals.

Sept. 21, 1987.

For Appellant: *Lieutenant Colonel Richard E. Ouellette,* USMC.

For Appellee: *Captain Wendell A. Kjos,* JAGC, USN and *Lieutenant Yvonne M. Carroll,* JAGC, USNR.

PER CURIAM:

Contrary to his pleas, appellant was convicted by special court-martial of one specification of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C § 912a. The members sentenced appellant to be confined for 6 months, to forfeit $400.00 pay per month for 6 months, to be reduced to the lowest enlisted grade, and to be discharged from the naval service with a bad-conduct discharge. The convening authority approved, and the Court of Military Review affirmed, the findings and sentence. 23 M.J. 585 (1986).

We granted review to consider these issues: *

---

* Appellant's counsel assigned the first error; and    we specified the other issue.

## I

WHETHER THE MILITARY JUDGE ERRED BY NOT PERMITTING TRIAL DEFENSE COUNSEL TO OFFER CHARACTER EVIDENCE TO SUPPORT THE CREDIBILITY OF APPELLANT, AFTER APPELLANT'S CHARACTER FOR TRUTHFULNESS HAD BEEN ATTACKED.

## II

WHETHER UNDER THE PARTICULAR FACTS OF THIS CASE, DEFENSE COUNSEL SATISFIED THE REQUIREMENT OF MIL.R.EVID 103(a)(2) THAT THE NATURE OF THE EVIDENCE BE MADE KNOWN TO THE MILITARY JUDGE.

Prosecution of this case was instituted when an analysis of appellant's urine showed the presence of metabolites of cocaine residue. The sufficiency of the government evidence is not at issue here.

Appellant defended against the charge by cross-examining the government witnesses and by attacking the urine-collection procedures. In this connection, the defense relied heavily on the testimony of two other petty officers about the failure of the command to follow proper collection procedures. Appellant himself also testified about failure of the command to control properly the taking of, and care for, the urine samples. Following this testimony, defense counsel asked appellant a single question regarding his use of cocaine:

Q. ... Petty Officer Varela, did you use cocaine between 12 and 15 May 1985?

A. No, I did not.

Trial counsel's cross-examination of appellant was somewhat limited. He touched on Varela's knowledge of the procedures within the command and asked appellant whether there was some possibility of adulteration of his sample or whether it might have been confused with that of another sailor. The prosecutor then inquired:

Q: Now, Petty Officer Varela, isn't it true that in January 1984 you executed

an immediate reenlistment contract with the Navy?

A. Yes, I reenlisted.

Q. Yes and as part of that you were given a selective reenlistment bonus in the amount of $16,000?

A. Yes.

Q. Would that bonus be jeopardized or your right to it or you[r] obligation to pay it back if you were disqualified from submarines?

A. I believe so.

After appellant's testimony but before conclusion of the defense case, trial counsel asked for an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session of the court-martial. At that time, he informed the military judge of his belief that defense counsel intended to present witnesses who would testify as to appellant's character for truthfulness. Trial counsel asserted that the Government had not attacked Varela's character for truthfulness by either opinion or reputation and that the cross-examination did not constitute a sufficient attack to allow appellant to offer such evidence.

After some discussion as to whether the Government had attacked appellant's character for truthfulness, the military judge granted the Government's motion *in limine*. There was no offer of proof from defense counsel as to what evidence would have been presented.

Mil.R.Evid. 608(a)(2), Manual for Courts-Martial, United States, 1984, provides that a party to a trial may introduce evidence of the truthful character of a witness. However, this evidence may be introduced "only after the character of the witness for truthfulness has been attacked," either by testimony about the bad character and reputation of the witness or "otherwise." In this context the word "otherwise" has been interpreted to include cross-examination. *United States v. Everage*, 19 M.J. 189 (C.M.A.1985); *United States v. Medical Therapy Sciences Inc.*, 583 F.2d 36 (2d Cir.1978), *cert. denied*, 439 U.S. 1130, 99 S.Ct. 1049, 59 L.Ed.2d 91 (1979).

■ The mere fact that a witness—even the accused—is contradicted by other witnesses does not necessarily constitute an attack on his credibility. *Kauz v. United States*, 188 F.2d 9 (5th Cir.1951). However, cross-examination which attacks his truthfulness is sufficient in certain circumstances to permit the introduction of such evidence. *United States v. Everage, supra.* The Government asserts that here there was no "slashing cross-examination" which so attacked the accused's credibility as to allow rehabilitation. If so, the military judge properly excluded the testimony as to appellant's character for truthfulness.

■ However, the point of trial counsel's questions about appellant's reenlistment was that, if appellant were a drug abuser, he stood to lose much of his career, that he had a major financial stake in the outcome of the trial, and that, as a submariner, he had more to lose by admitting cocaine use than would most sailors. The court members—also submariners—would have readily understood the implications of those questions. Consequently, we conclude that this cross-examination did attack appellant's veracity and that appellant should have been allowed to present character evidence of his truthfulness.

■ Defense counsel made no proffer as to the anticipated testimony of the witnesses who would have rebutted the attack on Varela's truthfulness; and nothing in the record indicates the specific evidence which appellant planned to introduce. However, where, as here, the Government seeks to exclude evidence by means of a motion *in limine*, the failure to make a proffer does not necessarily constitute a waiver. *See United States v. Rivera*, 24 M.J. 156 (C.M. A.1987). While we do not intend to excuse counsel from making a proper offer of proof, *cf.* Mil.R.Evid. 103(a)(2), we conclude that, under the circumstances of this case, counsel was deprived of the opportunity to inform the court of the evidence which he intended to present. Since the Government engaged "in a preemptive strike," 24 M.J. at 158, and thereby prevented defense counsel from offering the character evidence, the issue has not been waived.

■ Appellant's case rested on his ability to convince the triers of fact that he had not used cocaine. Having no way to measure the quality of the evidence appellant would have presented to show that he was a truthful person, we cannot determine that the error was harmless. *Cf. United States v. Vandelinder*, 20 M.J. 41 (C.M.A. 1985); *United States v. Weeks*, 20 M.J. 22 (C.M.A.1985); *see also United States v. Rivera, supra.*

The decision of the United States Navy-Marine Corps Court of Military Review is reversed; the findings and sentence are set aside; the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.