UNITED STATES, Appellee,

v.

Private First Class Andy H. HUDSON,
594–20–0902, United States
Army, Appellant.

ACMR 8800357.

U.S. Army Court of Military Review.

30 Nov. 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Donna L. Wilkins, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before HOLDAWAY, THORNOCK, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Senior Judge:

In February 1988, the appellant was tried by a military judge sitting as a general court-martial in Mannheim, Federal Republic of Germany. In accordance with his pleas, he was convicted of two specifications of wrongful distribution of lysergic acid diethylamide (LSD) in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. IV 1986) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for five years, total forfeitures, and reduction to Private E-1. In keeping with the pretrial agreement, the convening authority reduced the confinement portion of the sen-

tence to two years and otherwise approved the sentence.

The case is before us on a single assignment of error, that the court-martial was without jurisdiction because the case was not tried by the court to which it was referred.

In his pretrial advice, the staff judge advocate (SJA) stated that: "I recommend trial by General Court–Martial and that the *personnel listed on Court–Martial Convening Order, [sic] Number 25,* dated 15 September 1987, be detailed as members in this case. [sic] (Tab A)." (emphasis added.) On 28 January, the convening authority approved the SJA's recommendation and the case was referred for trial by the court convened by Court–Martial Convening Order (CMCO) Number 3, dated 12 January 1988.

In an affidavit provided by the government, in response to the appellant's assignment of error, a noncommissioned officer involved in the processing of this case attests there was an administrative error in the SJA's advice. He attests that the proper Convening Order—CMCO Number 3— was included for the convening authority's approval. The administrative error was the improper reference to the personnel listed on CMCO Number 25 rather than CMCO Number 3. Further, the government's affiant states, "It was the intentions [sic] of the convening authority to refer the case to the Court Convened [sic] by Court–Martial Convening Order Number 3 dated 12 January 1988." Also, attached to the government affidavit are papers showing that on 30 December 1987, the convening authority approved a periodic command rotation of court-martial panels, which occurred every four months. On that date, the convening authority selected new court members—all of whom appear on CMCO Number 3.

■ We presume regularity in the action of the convening authority. *United States v. Hodge,* 26 M.J. 596 (A.C.M.R.1988); *United States v. Cunningham,* 21 M.J. 585 (A.C.M.R.1985); *United States v. Carman,* 19 M.J. 932 (A.C.M.R.), *petition denied,* 21 M.J. 92 (C.M.A.1985). The convening au-

thority had selected new court members before the appellant's case was presented to him for decision on referral. This fact lends strong credence to the government's evidence that there was an administrative error and the convening authority intended to refer the case to a court composed of members he had selected on 30 December 1987 (CMCO Number 3), rather than members selected some four months earlier (CMCO Number 25).

Under the facts and circumstances of this case, it is clear that the convening authority personally selected the members who were to try the appellant and that those members were listed on CMCO Number 3. UCMJ art. 25(d)(2), 10 U.S.C.A. § 825(d)(2).

■ We note that the case was tried by military judge alone. This was commented on by the appellant in his pleadings. It is axiomatic that the selection of trial by military judge alone does not serve to moot or waive a jurisdictional defect in the proceedings. *See United States v. England,* 24 M.J. 816, 818 (A.C.M.R.), *petition denied,* 25 M.J. 483 (C.M.A.1987) ("[M]embers may be waived without jurisdictional effect, [but] a duly convened court must first exist if such action is to be anything other than ... an empty gesture.") By our holding herein, we find that the court was properly convened.

■ At trial, the defense counsel did not object to the single discrepancy now asserted on appeal. While lack of jurisdiction cannot be waived, administrative matters are subject to waiver. Therefore, we specifically adopt the reasoning of the Air Force Court of Military Review in *United States v. Otero,* 26 M.J. 546 (A.F.C.M.R. 1988), and in *United States v. Blascak,* 17 M.J. 1081 (A.F.C.M.R.), *petition denied,* 19 M.J. 21 (C.M.A.1984), that administrative or typographical errors, like those present in the case *sub judice,* are not fatal to jurisdiction. Moreover, errors not amounting to a fatal jurisdictional error are waived at trial when no objections are noted by the defense counsel. *United States v. Murray,* 25 M.J. 445 (C.M.A.1988); Manual for

Courts–Martial, United States, 1984, Rule for Courts–Martial 905(e) [hereinafter R.C.M.].

In the instant case, the court had jurisdiction to try the appellant and was convened in accordance with R.C.M. 201(b) in that: the court was convened by an official empowered to convene it; the court was composed of members properly selected and qualified; the charge was referred to the court by competent authority; the accused was a person subject to court-martial jurisdiction; and the offense was subject to court-martial jurisdiction.

We have considered the matter personally raised by the appellant concerning sentence appropriateness and find it to be without merit. The appellant's sentence, as approved by the convening authority, was three years less than that adjudged and was in accordance with the pretrial agreement.

We find no error. The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.