UNITED STATES, Appellee,

v.

Private First Class Anthony J. HAW-
LEY, Jr., 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, United
States Army, Appellant.

ACMR 8802226.

U.S. Army Court of Military Review.

23 July 1990.

For Appellant: Luther C. West, Esq. (argued); Captain Keith W. Sickendick, JAGC (on brief).

For Appellee: Major Maria C. Fernandez, JAGC (argued); Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC (on brief).

Before MYERS, SMITH and VARO, Appellate Military Judges.

**1248**

## OPINION OF THE COURT

MYERS, Senior Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of assault consummated by a battery, false swearing, and assault with intent to commit rape in violation of Articles 128 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 928 and 934 (1982). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for three years, and reduction to Private E1. Before us, appellant for the first time challenges the jurisdiction of the court-martial, asserts that the record of trial is not verbatim, and attacks the admissibility of certain character evidence.

### I

Appellant first contends that the case was not tried by the proper court-martial panel, thus the panel that did try him was without jurisdiction to do so. The charges against appellant were referred to the general court-martial convened by Court–Martial Convening Order [hereinafter CMCO] 28, dated 28 July 1988 (Appendix A). On 27 September 1988, at a pretrial Article 39(a), UCMJ session trial counsel announced that the appellant's court-martial was convened by CMCO 33 (Appendix B), as amended by CMCO 34 (Appendix C). There was no defense objection. Appellant was thereafter arraigned and requested trial by a panel consisting of enlisted members. When the court-martial was assembled on 3 October 1988, trial counsel announced that CMCO 33 had been further amended by CMCO 35 (Appendix D) to which trial defense counsel posed no objection. In response to this assignment of error, the Government submitted, as a post-trial appellate exhibit, a memorandum dated 24 August 1988. Therein the convening authority selected a new court-martial panel for the period 1–30 September 1988 and directed, *inter alia*, that all accused not yet arraigned, which included appellant, be tried by that newly-selected panel. The court-martial thus selected was promulgated by CMCO 30, which did not reflect on its face that it replaced CMCO 28. Further, the convening authority's selection memoranda and endorsements were not included in the original record of trial but were added as government appellate exhibits.

Manual for Courts–Martial, United States, 1984 [hereinafter MCM, 1984], Rule for Courts–Martial [hereinafter R.C.M.] 905(b)(1), (b)(2), and (e) provide that objections based on jurisdictional defects will not be waived through failure to object at trial. Errors not amounting to jurisdictional error are waived when not objected to at trial. *United States v. Murray*, 25 M.J. 445 (C.M.A.1988). Such errors include administrative or typographical mistakes. *United States v. Hudson*, 27 M.J. 734, 735 (A.C.M.R.1988).

The charge sheet indicates that appellant's case was originally referred to the general court-martial convened by CMCO 28. The information contained in Government Appellate Exhibit 1 shows that the convening authority, pursuant to a regularly scheduled rotation of panels, intended to have appellant's case tried by the panel listed in CMCO 33, as amended. We find, therefore, that appellant's case was properly referred to trial by the convening authority and was tried by a panel which had been properly selected by the convening authority. Further, defense counsel failed to challenge the regularity of the referral process at the trial, and appellant has neither alleged nor shown any actual prejudice as a result of being tried by the court-martial convened by CMCO 33, as amended. *United States v. King*, 28 M.J. 397, 399–400 (C.M.A.1989). Even assuming that there was an error in the selection process, it was merely administrative in nature, thus was nonjurisdictional, nonprejudicial, and waived by failure to object at the trial. *Hudson*, 27 M.J. at 734; R.C.M. 801(g). Nevertheless, this issue could have been avoided and a lot of appellate time and resources saved by the mere addition of a few words to the face of CMCO 33 to the effect that it replaced or superseded

CMCO 28. R.C.M. 601(e)(1); MCM, 1984, App. 5, page A5-1; App. 6, page A6-1.

## II

With respect to appellant's second allegation of error, the missing portion of testimony, which consisted of a brief question by trial counsel and answer by a government witness, was supplied by the trial judge in a certificate of correction. With that addition, the record of trial is now fully verbatim and this issue is moot.

## III

Appellant's final assertion is that the military judge erred by failing to rule, *sua sponte*, that testimony concerning the truthfulness and veracity of the appellant and the victim was inadmissible or, in the alternative, that the military judge failed to instruct the members to disregard the said testimony in weighing credibility.

After the defense had rested, trial counsel recalled First Lieutenant [hereinafter 1LT] A, who had conducted the Article 32, UCMJ, investigation, and attempted to question him about the prior testimony of the victim. Trial counsel sought to introduce evidence of the victim's prior consistent testimony in order to rebut any inference of prior inconsistent statements which may have been raised by defense counsel during cross-examination. This line of questioning was disallowed by the military judge, who essentially made a factual finding that the victim had not made any inconsistent statements, thus her testimony had not been impeached. Subsequently, trial counsel presented two witnesses who, without objection by defense counsel, testified that the victim was a truthful person. The first witness testified only as to his personal opinion of the victim's truthfulness based on his associations with her during church activities, and the second witness, a co-worker of the victim, testified as to the latter's reputation for truthfulness among her co-workers. Trial counsel called a third witness who testified that appellant was not always a truthful person.

With regard to the testimony of these three witnesses, the military judge instructed the panel as follows:

Now, evidence has been received as to the accused's bad character for truthfulness, specifically, through the testimony of Specialist Fisher and his opinion concerning the accused's truthfulness. Now you may consider this evidence in determining his believability.

Now, evidence of good character for truthfulness has been introduced as to Miss Popley through the testimony of Reverend Smith and Mr. Brewer as to both their personal opinions and Mr. Brewer as to her reputation in the work place. Now you may consider this evidence in determining her believability.

[4] We hold that the opinion evidence concerning the truthfulness and veracity of the victim was inadmissible, but for reasons other than those set forth by appellant.

MCM, 1984, Military Rule of Evidence [hereinafter Mil.R.Evid.] 608(a)(2) provides that "the credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation." However, evidence of truthful character may be introduced *"only after* the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." *Id.* (emphasis added). A cross-examination during which the truthfulness and credibility of a witness is attacked is, under certain circumstances, sufficient to permit the introduction of evidence of truthful character. *United States v. Varela,* 25 M.J. 29, 30 (C.M.A.1987); *United States v. Everage,* 19 M.J. 189, 192–93 (C.M.A.1985). The evidentiary rule permitting a witness to be rehabilitated when his character for truthfulness has been attacked "should not be interpreted in a restrictive manner." *United States v. Woods,* 19 M.J. 349 (C.M.A.1985); *see also Varela, id.,* 25 M.J. 29; *United States v. Allard,* 19 M.J. 346 (C.M.A.1985); *Everage, id.,* 19 M.J. 189. Nonetheless, the mere fact that a witness takes the stand to testify does not automatically trigger the right to offer evidence to bolster his credibility.

*Varela, id.* at 31; *Everage, id.* at 193. As stated by Chief Judge Everett:

> [C]ross-examination can be extensive and nevertheless not constitute an attack on a witness' veracity. The cross-examiner may instead be seeking to establish that, although the witness is well-intentioned and seeks to tell the truth, his observation of events was faulty, his memory is poor, or his testimony on direct examination was ambiguous.

*Everage, id.* at 193.

That is precisely what occurred in the case at bar. During cross-examination of the victim, defense counsel elicited testimony that the victim had omitted certain minor matters from her pretrial statement to criminal investigators, such as the location at which appellant first threatened to hit her, whether she heard artillery shells exploding, whether she told appellant "You're going to be letting yourself in for a big disappointment," and whether she tried to find "a stick or post" with which to defend herself. As to each item, the victim testified that although they may not have been contained in her prior statements, nevertheless her in-court testimony was an accurate rendition of the events that occurred.

■ The trial judge correctly refused to permit trial counsel to bolster the victim's in-court testimony by questioning 1LT A about the victim's testimony at the UCMJ Article 32 hearing. However, the testimony of the character witnesses who did testify was equally inadmissible. The cross-examination of the victim failed to raise any material inconsistencies between her pretrial statements and her in-court testimony, the omissions were minor and insubstantial, and the tenor of the cross-examination cannot be characterized as a successful attack on the victim's truthfulness and veracity. *Compare Varela, id.,* 25 M.J. 29 (during cross-examination, trial counsel imputed that the witness had a financial motive to lie). *See also Everage, id.,* 19 M.J. 189 (accused took the stand and made numerous incriminating admissions that were unrelated to the offense for which she was being tried and where she revealed other details that placed the truthfulness of her

character into question). "The mere fact that a witness—even the accused—is contradicted by other witnesses does not necessarily constitute an attack on his credibility." *Varela, id.* at 31 (citing *Kauz v. United States,* 188 F.2d 9 (5th Cir.1951)). In the case at bar, there was no evidence that placed the victim's character for truthfulness in issue nor was there any suggestion of a motive for her to lie. The evidentiary rules do not permit counsel to bolster an unattacked witness's testimony. Therefore, although it was error to admit the testimony of the two character witnesses, we are satisfied that such error had no prejudicial impact on the court and was therefore harmless. Further, not rising to the level of plain error, such error was waived by defense failure to object at the trial. Mil.R.Evid. 103(a).

■ The testimony by the third character witness, a co-worker of appellant's, to the effect that appellant was not always a truthful person, was admissible pursuant to Mil.R.Evid. 405 and 608. The credibility of a witness may be attacked at any time provided there is no inquiry into specific instances of conduct. Mil.R.Evid. 608(a). If the evidence is in the form of reputation or opinion testimony, the witness must have a sufficient basis for his belief. Mil.R.Evid. 405(a). Those prerequisites were satisfied in the case at bar.

We have carefully considered the issues personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge SMITH and Judge VARO concur.