UNITED STATES, Appellee,

v.

Private First Class Cornell B. RANDLE, 456–67–5341, United States Army, Appellant.

ACMR 9101378.

U.S. Army Court of Military Review.

6 Oct. 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Robert L. Carey, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before De GIULIO, ARKOW and BAKER, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge.

Appellant was tried by a military judge sitting as a special court-martial. Pursuant to his pleas, he was found guilty of three specifications of absence without authority (AWOL), in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1982). He was sentenced to a bad-conduct discharge, confinement for four months, "forfeiture of $502.00 for four months," and reduction to Private E1. The convening authority approved the sentence.

Before this Court, appellant assigns three errors. He asserts that the court-martial was improperly convened and lacked jurisdiction to prosecute him, that failure to include court-martial Convening Order (CMCO) Number 31 resulted in a nonverbatim transcript and an incomplete record, and that the convening authority improperly approved a sentence in excess of that adjudged by the military judge. We agree only with the last assertion concerning the forfeiture and will correct the error.

We also note, however, that the plea of guilty to one of the specifications was improvident. We will set aside that finding of guilty, dismiss the specification, and reassess the sentence. We further note that the military judge found appellant

both guilty and not guilty of the same period of unauthorized absence; but, we find no prejudice to appellant in this regard.

In his pretrial advice, the staff judge advocate recommended that the charges and specifications be tried by special court-martial empowered to adjudge a bad-conduct discharge and that the case be referred to the court appointed by CMCO Number 31, dated 15 November 1990, as amended by CMCO Number 3, dated 6 March 1991. The convening authority approved the recommendation. The referral portion of the charge sheet reflects that the charges were referred to the court appointed by CMCO Number 30, dated 15 November 1990, rather than to the court appointed by CMCO Number 31.

At trial, trial counsel announced that the court was convened by CMCO Number 30, dated 15 November 1990, as amended by CMCO Number 3, dated 6 March 1991. When initially submitted to this Court, CMCO Number 30, rather than CMCO Number 31, was a part of the record of trial. Subsequently, this Court admitted a sworn statement of the trial counsel which indicates that the case was referred by the convening authority to "BCD Special Court–Martial Convening Order Number 31 ... dated 15 November 1990."[1] Attached to the sworn statement is the elusive CMCO Number 31.

 A defective referral does not deprive a court-martial of jurisdiction. *United States v. King*, 28 M.J. 397 (C.M.A. 1989). Trial by a court-martial different from that to which a case was referred is not a jurisdictional error where the same convening authority appointed the members of both courts-martial. *United States v. Emerson*, 1 C.M.R. 43 (C.M.A.1951). This is an administrative error which is waived by a failure to object at trial, absent a showing of specific prejudice. *See United States v. King*, 28 M.J. at 400; *United States v. Emerson*, 1 C.M.R. at 43; *see also United States v. Hawley*, 30 M.J. 1247

(A.C.M.R.1990), *pet. denied*, 32 M.J. 372 (C.M.A.1991); *United States v. Hudson*, 27 M.J. 734 (A.C.M.R.1988).

In the case before us, we find that appellant failed to show specific prejudice. We hold that appellant waived the objection; therefore, reversal is not required.

Appellant entered a plea of guilty to an unauthorized absence from his place of duty from on or about 5 February 1991 to on or about 7 February 1991. During the providence inquiry concerning this offense, the following colloquy occurred:

MJ: And where were you on that particular time?

ACC: Sir, I was in my room. I was sick at the time and I let my chain-of-command knew [sic] that I was sick and I had trouble even getting up out of bed at that time.

MJ: And which person in your chain-of-command did you so notify?

ACC: My platoon sergeant.

MJ: And did you request to be placed on sick call?

ACC: After I came back, sir. After I reported for formation that Thursday.

MJ: All right, but the key is on 5 February. What did you tell somebody on the morning of 5 February. I assume it's the morning.

ACC: Sir, I stayed in bed.

 If at anytime in a court-martial an accused raises matters which are inconsistent with a plea of guilty, the military judge must inquire into that inconsistency. *United States v. Jemmings*, 1 M.J. 414 (C.M.A.1976). If the military judge cannot resolve the inconsistency, the plea must be rejected. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980).

 In the case before us, appellant's statement that he could not go to his place of duty because he was sick and had trouble even getting out of bed raised the potential defense of physical inability. *See United States v. Cooley*, 36 C.M.R. 180

---

1. This sworn statement is admissible before this Court to determine the issue of jurisdiction which was raised by appellant as an assignment of error. *See United States v. Dickson*, 20 C.M.R. 154 (C.M.A.1955). We find the record sufficiently complete for appellate review.

(C.M.A.1966); *United States v. Amie*, 22 C.M.R. 304 (C.M.A.1957). This was a substantial inconsistency with his plea of guilty. *See United States v. Hebert*, 1 M.J. 84 (C.M.A.1975); *United States v. Logan*, 47 C.M.R. 3 (C.M.A.1973). The military judge's inquiry was insufficient to determine that the defense raised was not available to appellant. The plea to that offense was improvident. Under the circumstances of this case, this Court sees little useful purpose in a rehearing on this offense. The specification will be dismissed and the sentence will be reassessed.

This Court notes the military judge entered inconsistent findings of guilty. In the Specification of the Charge, appellant was charged with AWOL from his unit from 19 February to 15 April 1991. In Specification 3 of the Additional Charge, it was alleged he was AWOL from his unit from 13 to 18 February 1991. By exceptions and substitutions, appellant pled guilty to the Specification of the Charge of AWOL from 13 February to 15 April 1991. He asked that the other specification be dismissed as multiplicious. At the time of findings, the military judge gave the appellant the election of having Specification 3 dismissed or having a finding of not guilty entered as to the AWOL from 13 to 18 February 1991. Appellant elected the entry of a finding of not guilty. Accordingly, the military judge found appellant not guilty of that specification. Thus, his finding of not guilty was inconsistent with his finding of guilty for the same period of AWOL which is contained in the other specification.

■ As a general proposition, a liberal rule is used in interpreting verdicts. *United States v. Darden*, 1 M.J. 574, 575 (A.C.M.R.1975). Where the intention is clear from the record, informalities or inaccuracies in a verdict are immaterial. *United States v. Boone*, 24 M.J. 680 (A.C.M.R. 1987); *United States v. Johnson*, 22 M.J. 945 (A.C.M.R.), *pet. denied*, 23 M.J. 253

(C.M.A.1986); *United States v. McCready*, 17 C.M.R. 449 (A.B.R.1954).

■ From the record, this Court can determine that the military judge intended to find appellant guilty for the entire period of AWOL: 13 February 1991 to 15 April 1991. No corrective action is necessary by this Court. The military judge's findings resulted in a consolidation of the specifications and neither dismissal nor an entry of a finding of not guilty to the specification was proper. *See United States v. Sorrell*, 23 M.J. 122 n. 1 (C.M.A.1986) ("the word 'consolidated' is all that is necessary to show what happened to those offenses").

■ Finally, appellant asserts that the convening authority attempted to approve a sentence greater than that imposed by the court-martial. The military judge, as part of the sentence, announced, "that ... you forfeit two-thirds pay for a period of four months...." Later, when the trial counsel requested that he state the forfeitures in certain dollar amounts, the military judge announced, "All right, then it's going to be $753.9—$502.00 for four months." [2] In his post-trial recommendation, the acting staff judge advocate recommended to the convening authority that he approve the adjudged sentence, to include "forfeiture of $502.00 *pay per month* for four months." In his action, the convening authority approved the sentence. Although it is unclear if the convening authority approved the sentence in accordance with the acting staff judge advocate's recommendation, had that been his intent his action increased the adjudged sentence. The sentence announced by the military judge results in a one-time forfeiture. *See United States v. Perry*, 24 M.J. 557 (A.C.M.R.), *pet. denied*, 24 M.J. 444 (C.M.A.1987). In any event, we will moot this issue in our reassessment of the sentence.

The finding of guilty of Specification 2 of the Additional Charge is set aside. Specification 2 of the Additional Charge is dis-

2. The military judge was a reserve officer on active duty for two weeks' training.

missed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for four months, and reduction to Private E1.

Judge ARKOW and Judge BAKER concur.