**UNITED STATES, Appellee,**

v.

**Staff Sergeant James H. GOOD II, 527–94–1415, United States Army, Appellant.**

**ACMR 9201182.**

U.S. Army Court of Military Review.

18 Feb. 1994.

---

For Appellant: Michael J. Duncan (argued); Captain Thomas D. Wight, JAGC, Captain Lawrence W. Andrea, JAGC (on brief).

For Appellee: Captain John G. Giovannelli, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Joseph C. Swetnam, JAGC (on brief). Captain Glenn L. Kirschner, JAGC.

Before CREAN, MORGAN, and GONZALES, Appellate Military Judges.

### OPINION OF THE COURT AND ACTION ON PETITION FOR NEW TRIAL

GONZALES, Judge:

Pursuant to mixed pleas, the petitioner was found guilty of attempted premeditated murder, conspiracy to commit premeditated murder, bigamy, and adultery in violation of Articles 80, 81, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, and 934 (1988) [hereinafter UCMJ].[1] The petitioner was sentenced to a dishonorable discharge, confinement for forty years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence as adjudged.

In an Amended Petition for New Trial, the petitioner contends that he is entitled to a new trial on the charges of attempted premeditated murder and conspiracy to commit premeditated murder on the grounds of newly discovered evidence. We agree.

The petitioner also asserts five assignments of error and personally raises ineffective assistance of counsel pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Because our disposition on the Amended Petition for New Trial is favorable to the petitioner, it is only necessary for us to consider those alleged errors that pertain to the bigamy and adultery charges.

Co-conspirator Specialist (SPC) Lee J. Jensen was the only government witness who testified at the petitioner's court-martial directly about an agreement to murder the petitioner's first wife.[2] According to SPC

---

1. The petitioner pled guilty to Additional Charge I, bigamy, and Additional Charge II, adultery. The military judge accepted his pleas after conducting a providence inquiry under *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (C.M.A.1969). The petitioner pled not guilty to Charge I, attempted premeditated murder, and Charge II, conspiracy to commit premeditated murder, but was found guilty of both offenses by a general court-martial composed of officer members.

2. Specialist Jensen's testimony was given under a grant of immunity.

Jensen, the petitioner offered him $35,000.00 from the proceeds of an insurance policy to kill Mrs. Good by shooting her in the head. While the petitioner admitted sending SPC Jensen to Mrs. Good's home to deliver a message, he denied the existence of such an agreement. Specialist Jensen shot Mrs. Good when she opened the front door, but the bullet entered her neck and she survived. Two days prior to the petitioner's trial on the merits, SPC Jensen pled guilty and was convicted of attempted premeditated murder and conspiracy to commit premeditated murder.

On 16 September 1993, this court set aside SPC Jensen's conviction based on the conclusions of a post-trial sanity board convened at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. *United States v. Jensen*, ACMR 9201152 (A.C.M.R. 16 Sep. 1993) (unpub.). The board's report indicated that SPC Jensen suffered from a severe mental disease such that he lacked the ability to appreciate the wrongfulness of his actions. The report also stated that SPC Jensen committed his criminal acts at the command of hallucinated voices that further offered rationale that his behavior was not wrongful. We held that SPC Jensen was not mentally responsible when he committed his offenses and that he also lacked mental capacity at the time of his court-martial.

Under Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1210(f)(2)(A)–(C) [hereinafter R.C.M.], a new trial shall not be granted unless the evidence (1) "was discovered after trial"; (2) would not "have been discovered . . . at the time of trial in the exercise of due diligence"; and (3) would "probably" have "produced a substantially more favorable result." *United States v. Suarez*, 35 M.J. 374 (C.M.A.1992).

■ The petitioner contends that the results of SPC Jensen's sanity board is new evidence that would "give much less credibility to [his] testimony" against the petitioner. We find that no one at the petitioner's court-martial was aware of SPC Jensen's mental condition at the time of the offenses and at the time of his trial; nor would such evidence have been discovered at the time of the petitioner's trial in the exercise of due dili-

gence. We further find that such evidence would have been relevant to the fact finder on the issue of SPC Jensen's credibility and would probably have produced a substantially more favorable result. *See United States v. Suarez*, 35 M.J. 374, 377 (C.M.A.1992); *United States v. Bedonie*, 913 F.2d 782, 800 (10th Cir.1990); *United States v. Gutman*, 725 F.2d 417, 420 (7th Cir.1984). Accordingly, using the standard of review for petitions for new trial under R.C.M. 1210(f)(2)(A)–(C), we hold that the petitioner has met all three requirements and that he is entitled to relief under Article 73, UCMJ, 10 U.S.C. § 873.

■ We also have considered two of the petitioner's assignments of error and his *Grostefon* matters that pertain to the bigamy and adultery offenses and find that none warrant relief. We hold that the administrative error in the date of the convening order did not create a jurisdictional defect that prejudiced the petitioner. *United States v. Hudson*, 27 M.J. 734 (A.C.M.R.1988). We also hold that the court-martial did not lack jurisdiction because the military judge's designation was not in violation of the Appointments Clause of the Constitution. *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *aff'd*, —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994). Furthermore, we hold that the appellant has failed to establish a valid claim of ineffective assistance of counsel and has not overcome the strong presumption of his defense counsel's competency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Crum*, 38 M.J. 663 (A.C.M.R.1993).

For the foregoing reasons, the findings of guilty of Charges I and II and their specifications and the sentence are set aside. The Petition for New Trial is granted as to Charges I and II and their specifications and the sentence. The findings of guilty of Additional Charges I and II and their specifications are affirmed. The record of trial is returned to The Judge Advocate General for remand to the same or a different convening authority who may order a new trial on Charges I and II and their specifications and the sentence. Otherwise, the convening authority will dismiss Charges I and II and their specifications and may order a rehear-

ing on the sentence on Additional Charges I and II and their specifications only. If the convening authority determines that a rehearing on the sentence is impracticable, he may reassess the sentence.

Senior Judge CREAN and Judge MORGAN concur.