UNITED STATES, Appellee,

v.

Private First Class Michael R. HEATHERLY, U.S. Army, Appellant.

No. 48,166.

CM 442403.

U.S. Court of Military Appeals.

Dec. 9, 1985.

For Appellant: *Captain Pamela O. Barron* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel Arthur L. Hunt, Major Stephen R. Dooley, Captain William T. Wilson* (on brief); *Colonel R. Rex Brookshire II.*

For Appellee: *Captain Denise A.G. Erickson* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Captain Thomas E. Booth* (on brief); *Lieutenant Colonel John T. Edwards* and *Major Larry D. Williams.*

*Opinion of the Court*

COX, Judge:

Appellant was convicted, contrary to his pleas, of dereliction of duty, larceny, and wrongful possession of a habit-forming narcotic drug (Meperidine—more commonly known as Demerol), in violation of Articles 92, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 921, and 934, respectively. The court-martial of officer members sentenced him to a dishonorable discharge and reduction to private (E–1). The Court of Military Review affirmed the findings and sentence in an unpublished memorandum opinion on June 30, 1983.

This Court granted review of the following issues:

I

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY LIMITING CROSS–EXAMINATION OF A GOVERNMENT EXPERT WITNESS.

II

WHETHER CHARGE II, LARCENY, DUPLICATES CHARGE III, WRONGFUL POSSESSION OF THE STOLEN

PROPERTY, AND MUST BE DIS-MISSED.

■ As to Issue II, the Government has conceded that the larceny of Demerol (Charge II) and the subsequent possession of the same Demerol (Charge III) are multiplicious for findings, so one of these charges must be dismissed. We conclude that this action does not prejudice appellant as to sentence. In its brief, the Government elected to proceed on the wrongful-possession offense (Charge III), and, thus, the charge of larceny must be dismissed. However, we do not decide the issue of whether a charge of possessing an unlawful drug is necessarily multiplicious for findings with a charge of stealing the drug. *But see Ball v. United States*, —— U.S. ——, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985).

■ As to Issue I, we hold that the military judge did not abuse his discretion in sustaining the Government's objection to the admissibility of proffered Defense Exhibit N (a chart of an unidentified fingerprint taken from the cover of an F.B.I. manual on fingerprint witnesses) and, therefore, did not deny the right to cross-examine the government witness.[1] Accordingly, the findings and sentence as modified herein are affirmed.

Appellant was a nurse at the William Beaumont Army Medical Center, Fort Bliss, Texas. The Government's case was premised upon the fact that he stole Demerol by draining the drug from plastic syringes and replacing it with water. At the time of one incident, appellant had access to the syringes and, upon investigation, a U.S. Army fingerprint examiner discovered a latent fingerprint. The latent fingerprint, as well as those of appellant and other personnel assigned to the hospital ward who were known to have access to the drugs, were sent to the Fort Gordon Crime Laboratory for comparison and analyses.

The military judge's alleged error in limiting cross-examination of the government fingerprint expert occurred when the Government called CW3 Joel Geller to identify the latent print. After asking standard preliminary questions of the witness, the Government tendered him as an expert in fingerprint examinations (Mil.R.Evid. 702). The military judge then gave individual defense counsel an opportunity to question the witness in aid of his objection to the witness's qualifications. After extensive cross-examination, counsel stated: "Your Honor, I object ... to this man being offered as an expert in that ... he was an apprentice examiner ... and ... did not ... meet satisfactory requirements to qualify as an expert."

Government counsel countered the objection with proper argument and before the military judge could rule, defense counsel replied: "Your Honor, in the interest of time, if this is the only man they've got that did it, we'll go ahead and accept the rest of his testimony."

The Government proceeded to draw forth the information that the latent print belonged to appellant, and the witness was offered to defense counsel for questioning. After extensive and uninterrupted cross-examination, defense counsel offered into evidence Defense Exhibit N for Identification (a blow-up of an unknown person's fingerprint taken from the cover of an F.B.I. manual). Government counsel objected on two grounds:

1. That defense counsel was trying to test the expert's qualifications after having agreed earlier to accept those qualifications; and,

2. That the exhibit was not relevant. The military judge then queried defense counsel as to the relevance of the exhibit. Counsel responded that he was attempting

---

1. A denial of cross-examination is obviously an error of constitutional dimensions. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Smith v. Illinois*, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); *Brookhart v.*

*Janis*, 384 U.S. 1, 88 S.Ct. 748, 19 L.Ed.2d 956 (1966). Based on this record, however, we are convinced that appellant was not denied the right to cross-examine the government witness.

to evoke a comparison of appellant's and the unknown prints to show that there were four or five points of similarity between them; however, he never explained what this testimony would tend to prove or disprove about the case. Consequently, the Government's objection was sustained. Defense counsel then rested his cross-examination of the witness and never again attempted to lay a foundation to demonstrate the relevance, if any, of the defense exhibit.

Because counsel did not go on to lay a firm foundation to establish the relevance of the proffered exhibit, we are left to speculate as to the purpose that would have been served by its admission into evidence.

■ Appellant now contends that the military judge's ruling had the effect of denying him the right to cross-examine the witness. According to Mil.R.Evid. 103(a):

> Error may not be predicated upon a ruling which ... excludes evidence unless the ruling materially prejudices a substantial right of a party, *and*
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (2) ... In case the ruling is one excluding evidence, the substance of the evidence was made known to the military judge by offer or was apparent from the context within which questions were asked.

(Emphasis added.) As this requirement was not fulfilled, we cannot find that the military judge abused his discretion when he excluded the proffered exhibit.

■ Further, a distinction must be made between the admissibility of substantive evidence and that which is used solely for demonstrative purposes.[2] A review of this record leaves us with the impression that defense counsel intended to use the blow-up (Defense Exhibit N for Identification) for demonstrative purposes only, but he

never made that fact clear. It is easy to see how the exhibit could have been used to demonstrate to the court members how fingerprint analyses are accomplished and, indeed, it would have shown several points of similarity. But the proffered exhibit had no obvious independent relevance as substantive evidence, and counsel made no assertions of its relevance. Accordingly, we conclude that the military judge did not abuse his discretion in sustaining the Government's objection to admission of the exhibit.

The decision of the United States Army Court of Military Review is reversed as to Charge II and its specification. The findings of guilty thereon are set aside and that Charge and its specification are dismissed. In all other respects the decision below is affirmed.

EVERETT, Chief Judge (concurring):

In addition to the testimony of CW3 Thomas W. Simmons, an expert on fingerprint comparison, the Government called as a witness, CW3 Joel Geller, a "[l]atent print examiner intern." Geller testified that he had conducted more than 50,000 comparisons of "individual record prints with latent prints." Moreover, he had determined that a [l]atent print on an important item of evidence had been made by appellant, because there were 18 or 19 points of similarity with his record print. To illustrate the basis for this conclusion, he compared enlargements of the latent print and a Heatherly fingerprint.

In an effort to justify his proposed cross-examination of the witness with respect to a fingerprint enlargement appearing on a textbook cover, defense counsel advised the judge that he intended to establish "that there are four or five points of similarity" between this enlargement and the enlargement of appellant's fingerprint. However,

---

**2.** Demonstrative evidence is generally that which illustrates or clarifies the testimony of a witness, such as by the use of models or not-to-scale diagrams. Substantive or real evidence, however, is introduced to prove or disprove a fact in issue, *e.g.*, a firearm, the photograph of a footprint, or a photograph of the latent fingerprint *vis-a-vis* the accused's fingerprint. The decision to permit or deny the use of demonstrative evidence generally has been held to be within the sound discretion of the trial judge. *See generally* Annot., 9 A.L.R.2d 1044 (1950).

counsel proceeded on an erroneous premise. Proving that fingerprint A and fingerprint B were made by different persons—even though there are four or five points of similarity—does not logically undercut an expert's conclusion that fingerprint A and fingerprint C, which have 18 or 19 points of similarity, were made by the same person. Thus, the military judge correctly concluded that defense counsel had failed to demonstrate relevance.

I agree, therefore, with the principal opinion that no legal error was committed.

On the other hand, the judge certainly would not have erred had he allowed defense counsel greater latitude in his cross-examination—especially since the fingerprint testimony was a vital part of the Government's case.

In any event I share the conclusion of Senior Judge O'Donnell—who concurred in the result in the Court of Military Review —that, in view of "the totality of the testimony, ... appellant was not prejudiced" by the limitation on the scope of his cross-examination. Unpublished opinion at 6.