**UNITED STATES, Appellee,**

v.

**Charles E. MEANS, Jr., Private, U.S. Army, Appellant.**

No. 52,482.
CM 445986.

U.S. Court of Military Appeals.

June 15, 1987.

For appellant: *Captain Pamela G. Montgomery* (argued), *Colonel Brooks B. La Grua, Lieutenant Colonel Arthur L. Hunt, Major Stephen R. Dooley* (on brief), *Lieutenant Colonel Paul J. Luedtke* and *Captain Alan D. Groesbeck.*

For appellee: *Captain Samuel J. Rob* (argued), *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Gary F. Roberson* (on brief).

*Opinion of the Court*

COX, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of committing sodomy and an indecent act, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934, respectively. He was sentenced to

confinement for 2 years and 3 months, total forfeitures, and a bad-conduct discharge. The convening authority approved the sentence but suspended confinement in excess of 2 years. The Court of Military Review affirmed. 20 M.J. 522 (1985).

This Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION, TO THE SUBSTANTIAL PREJUDICE OF APPELLANT, BY REFUSING TO PERMIT THE DEFENSE TO CROSS–EXAMINE THE GOVERNMENT'S CHIEF WITNESS CONCERNING HER CLAIMS THAT SHE HAD BEEN RAPED IN THE PAST.

In view of the absence of an adequate offer of proof, we conclude that the military judge did not abuse his discretion in sustaining the Government's objection. Mil.R.Evid. 103(a)(2), Manual for Courts-Martial, United States, 1969 (Revised edition).

Appellant was charged with committing consensual sodomy and an indecent act by having sexual intercourse in the presence of two other soldiers, both offenses involving the same female, Janell M. During his opening statement, trial counsel indicated that the Government's case would consist primarily of the testimony of Janell, who would give her account of "what can best be described as a sex orgy." Defense counsel in his opening statement discussed several inconsistent statements made by Janell, contending that "[t]he sex orgy" story was "a figment of her imagination."

Janell testified that on the night of February 25, 1984, she went to visit a friend, Private Dennis Wilson, at his barracks room at Fort Lewis, Washington. After she and Wilson watched television for awhile with another soldier named Michael Early, Wilson locked the door to his room and threatened to beat her if she did not have sex with "him and his friends." She then engaged in oral and anal sodomy, and vaginal intercourse with Wilson and Early, while the men switched positions back and

forth. About an hour later, appellant was admitted into the room. He approached the bed naked and lay on the bed. Pursuant to Wilson's instructions "to give him anything he wanted," she proceeded "to have oral sex" and intercourse with appellant.

On cross-examination, Janell admitted that she had been unemployed since she got out of the Army 2 1/2 years before. She frequented the clubs on post, where she would arrive with no money, dance with soldiers she met there, and accept "a free drink if one's offered." She had met Wilson a few days earlier at the Madigan Club and subsequently engaged in sexual relations with him. On the night of the alleged offenses, she visited Wilson at his barracks room with "full intentions of having sexual intercourse with him." She became quite upset with Wilson, as well as the others, when at the conclusion of the sexual activities, they showered and departed for the club leaving her to get home the best way she could. She left the barracks crying, thinking to herself "that they were not going to get away with this."

Defense counsel continued his cross-examination by asking Janell whether she had been raped before. Janell responded with a simple "yes." Trial counsel objected, stating "there's no relevance for that." Defense counsel countered that it "goes to the motive and the witness' credibility here, also." The military judge excused the court members, giving both counsel the opportunity to state their positions outside the presence of the members. Trial counsel argued that questions concerning previous rape incidents would serve no purpose other than to humiliate the witness. In response to the military judge's inquiry as to whether there was "a basis" for the question, the following transpired:

DC: Yes, Your Honor, that there is a motive to lie, there is a motive to make up stories. I certainly do not and I do not humiliate witnesses, Your Honor. I'm merely trying to get some objective facts out here as to what this woman's state of mind was at that

evening, in fact what exactly went on, and I think this is very relevant, and I think it's Constitutionally required for me to ask these questions.

MJ: Well, I can possibly see the relevance of it if consent were an issue. I fail to see the relevance of this line of questioning in the setting of this particular case.

DC: Very well, Your Honor.

MJ: I'll prohibit any questioning in this aspect concerning other sexual misconduct of the alleged victim.

The line of questioning was dropped. Appellant testified in his own defense and flatly denied being in Wilson's room that night or engaging in any sexual acts with Janell.

Although no offer of proof was made at trial, appellant maintains on appeal that Janell had a history of making claims of rape. He points to the pretrial advice of the staff judge advocate wherein these claims are summarized as follows:

> Ms. [M] claims to have been raped at least five times. She has only reported a rape once. That occasion was in 1977 at Fort Polk, Louisiana. The charges were dropped in the case because she flunked a lie detector test. She claims to have been slipped some kind of a "mickey" in 1981 by a group of Samoans. Several of them had sex with her. She also claims to have been raped in 1983 and also last Thanksgiving on Fort Lewis by someone who claimed to be a retired first sergeant.

Appellant contends that defense counsel was attempting to elicit testimony concerning these five prior claims of rape and thereby establish Janell's lack of credibility and motive to lie. The Court of Military Review held that defense "counsel did not bear his burden of putting the military judge on notice of either his specific theory

of admissibility or the evidence he intended to elicit." 20 M.J. at 525. We fully agree. Without divine inspiration, the military judge had no way of knowing what defense counsel was attempting to accomplish here.

Whatever the merit of appellant's contention on appeal that questioning Janell regarding prior, perhaps false, claims of rape would have been probative of her character for truthfulness and motive to misrepresent, this contention was not made clear at trial. Absent an offer of proof of the substance of the testimony he planned to elicit and of how this would have reflected on the issue of credibility, neither the military judge nor the appellate courts can be expected to know what defense counsel sought to prove. *See United States v. Lavallie*, 666 F.2d 1217, 1220 (8th Cir. 1981); *United States v. Clark*, 617 F.2d 180 (9th Cir. 1980); *United States v. Winkle*, 587 F.2d 705, 710 (5th Cir.), *cert. denied*, 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979).

 When a ruling excludes evidence, appellate review of the correctness of the ruling is not preserved unless "the substance of the evidence was made known to the military judge by offer or was apparent from the context within which questions were asked." Mil.R.Evid. 103(a)(2).[1] An offer of proof allows the military judge to make an informed ruling and permits the appellate courts to review that ruling to determine whether exclusion of the evidence resulted in reversible error. *United States v. Rivera*, 24 M.J. 156 (C.M.A. 1987) (Cox, J., concurring in the result).

 An offer of proof is unnecessary "where the substance and materiality of the excluded evidence are obvious." *United States v. Peters*, 732 F.2d 1004, 1010 (1st Cir. 1984); *United States v. Rivera*, *supra* at 158. When it is not obvious,

---

1. Mil.R.Evid. 103 provides in part:
 (a) *Effect of erroneous ruling.* Error may not be predicated upon a ruling which admits or excludes evidence unless the ruling materially prejudices a substantial right of a party, and
 * * * * * *

 (2) *Offer of proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the military judge by offer or was apparent from the context within which questions were asked.

however, an offer of proof is required to clearly and specifically identify the evidence sought to be admitted and its significance.[2] *United States v. Heatherly*, 21 M.J. 113 (C.M.A. 1985). *See* Wright and Graham, *Federal Practice and Procedure: Evidence* § 5040, at 213. Here, as reflected in the comments of the military judge when he made his ruling, the substance and significance of the excluded evidence was not recognized at trial. Based on the vague information provided to him, the military judge was well within his discretion in sustaining trial counsel's objection.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

---

**2.** Mil.R.Evid. 103 does not specify the form an offer of proof must take, instead leaving it to the discretion of the military judge. Counsel would be prudent to include in an offer of proof not only the substance of the evidence in question, but an indication of the issue that the evidence would affect and how the issue would be affected. *See United States v. Winkle*, 587 F.2d 705, 710 (5th Cir.), *cert. denied*, 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979); *United States v. Davis*, 22 M.J. 651, 653 n.3 (A.C.M.R. 1986). *See also* S. Saltzburg, L. Schinasi, & D. Schlueter, *Military Rules of Evidence Manual* 23 (2d ed. 1986).