UNITED STATES, Appellee,

v.

**Michael C. HAYES, Private First Class U.S. Army, Appellant.**

No. 67,616.

CM 9002483.

U.S. Court of Military Appeals.

Argued Nov. 2, 1992.

Decided March 25, 1993.

1. The charges involving M were severed.

2. Appellant also raised the following issues, on which we granted review:

I

WHETHER THE ARMY COURT OF MILITARY REVIEW PROPERLY EXERCISED ITS DUTY UNDER ARTICLE 66, UCMJ, TO REVIEW THE EVIDENCE FOR FACTUAL SUFFICIENCY, WHERE THE GOVERNMENT'S CASE CONSISTED OF A SINGLE, RELUCTANT WITNESS, AND THE COURT ISSUED A CONCLUSORY OPINION WITHOUT ELABORATING ON THE BASIS FOR ITS DECISION.

For Appellant: *Captain Christopher W. Royer* (argued); *Colonel Robert B. Kirby, Captain James M. Heaton, Captain Emmett G. Wells* (on brief); *Lieutenant Colonel James H. Weise.*

For Appellee: *Captain Glenn L. Kirschner* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Timothy W. Lucas* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Appellant was charged with sexually molesting D, an 8-year-old boy; and M, a 13-year old boy.[1] Appellant was only convicted by the members of attempted forceful sodomy of D between October 1, 1988, and June 1, 1989. He was sentenced to a dishonorable discharge, confinement for 15 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority and the Court of Military Review affirmed the findings and sentence. We specified the following issue:[2]

> WHETHER THE MILITARY JUDGE ERRED BY DENYING THE DEFENSE REQUEST TO INTRODUCE EVIDENCE THAT [M] HAD TESTED POSITIVE FOR CHLAMYDIA (A SEXUALLY TRANSMITTED DISEASE).

FACTS

The act of attempted sodomy occurred between October 1988 and June 1989 at appellant's apartment where D was permit-

II

WHETHER APPELLANT HAS BEEN DENIED DUE PROCESS OF LAW BY THE FAILURE OF THE ARMY COURT OF MILITARY REVIEW TO SPECIFY THE BASIS FOR ITS FINDING OF LEGAL AND FACTUAL SUFFICIENCY, THEREBY DEPRIVING APPELLANT OF ADEQUATE INFORMATION UPON WHICH TO PRESENT HIS CASE FOR FURTHER REVIEW.

These issues are answered in the negative based on *United States v. Clifton*, 35 MJ 79 (CMA 1992).

ted to spend the night. M testified that he witnessed appellant's act of improper conduct with D. M reported the act to a school nurse in June 1989 and an investigation was opened in December 1989. In January 1990, D, M, and appellant were tested for chlamydia. D and M tested positive, and appellant tested negative.

In his opening statement, defense counsel said that D was a reluctant witness but stated, "I'm not going to go into that. What I'm going to go into is a piece of evidence, a strong piece of evidence that some type of sexual misadventure occurred, but the problem with the evidence is that it's not consistent with what [D] told you." The evidence was that D and M had a venereal disease called chlamydia. Defense counsel also said that the division surgeon will explain what chlamydia is and how it is transferred.

The division surgeon, Captain Jerry J. Miller, was called as a defense witness. He explained that chlamydia is a sexually transmitted venereal disease and that males infected with chlamydia generally experience "a discomfort with urination; probably a burning sensation; maybe some cloudiness to their urine; and maybe an increased amount of urine, a frequency in their urination." Dr. Miller also indicated that curative drugs are readily available in the German civilian community with or without a prescription.

When defense counsel attempted to introduce evidence that M tested positive for chlamydia in January 1990, government counsel objected. At a side-bar conference, defense counsel explained: "[W]e have two young boys who know each other. One has made accusations against PFC Hayes; the other has come up with an accusation against PFC Hayes; they both have chlamydia. Where did these two boys get this stuff if they have it in their penis?" The military judge responded: "No. We're getting into tangents here. I'm not going any further on this." He refused to admit the evidence.

## DISCUSSION

Appellant argues that the theory of the case as set forth in the opening statement was (1) D and M, who tested positive for chlamydia, were having consensual homosexual intercourse with each other but were trying to cover this up by blaming appellant; and (2) that this theory is supported by D and M testing positive for chlamydia while appellant did not. Appellant avers that the judge misunderstood the impact of the evidence because it was introduced later in the trial when its relevance was not clearly articulated.

The Compulsory Process Clause, *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and the Due Process Clause, *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), provide criminal defendants the right to introduce evidence and the right to examine defense witnesses at trial to allow "the jury ... [to] decide where the truth lies." *See Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). The extent of the right to present defense evidence is unsettled. *Cf. Pennsylvania v. Ritchie*, 480 U.S. at 56, 107 S.Ct. at 1000.

Relying upon Supreme Court precedent, this Court has held that the defense has a constitutional right to introduce evidence that is reliable and relevant. *Compare United States v. Perner*, 14 MJ 181, 184 (CMA 1982); *United States v. Richardson*, 15 MJ 41, 46 (CMA 1983); *United States v. Ferguson*, 15 MJ 12, 24, 25 (CMA 1983) (Everett, C.J., concurring in the result); *with United States v. Valenzuela–Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982).

The key issue in this case is whether an adequate foundation was laid by the defendant to show the evidence was relevant and reliable. Mil.R.Evid. 103(a), Manual for Courts–Martial, United States, 1984, provides: "Error may not be predicated upon a ruling which ... excludes evidence unless the ruling materially prejudices a substantial right of a party, and ... the substance of the evidence was made known to the

military judge by offer or was apparent from the context within which questions were asked."

■ As this Court stated in *United States v. Means*, 24 MJ 160, 162 (CMA 1987): "An offer of proof allows the military judge to make an informed ruling and permits the appellate courts to review that ruling to determine whether exclusion of the evidence resulted in reversible error." But an offer of proof is unnecessary when relevance is obvious. *Id.* "When it is not obvious, however, an offer of proof is required to clearly and specifically identify the evidence sought to be admitted and its significance." *Id.* at 162–63. However, Mil.R.Evid. 103(a), unlike Fed.R.Evid. 103(a), states that it "does not apply to errors" of constitutional dimension. Was this such an error?

■ Both D and M tested positive in January 1990, and appellant tested negative that same month. The alleged of-

fense, however, occurred between October 1988 and June 1989, approximately 7 to 15 months before the testing. Dr. Miller testified that an adult with chlamydia would experience discomfort. The inference is that, if an adult contracted the disease, he would not tolerate this discomfort but would most likely obtain a prescription or non-prescription drug from the civilian community which would cure chlamydia. Additionally, no evidence was presented as to when the boys might have contracted chlamydia. Without a temporal connection of the dates of the testing with the dates of the offense, the test results are not relevant.

Because the defense's offer of proof did not establish the relevance of this evidence, there was no violation of the appellant's constitutional right to introduce evidence.

The decision of the United States Army Court of Military Review is affirmed.[3]

Chief Judge SULLIVAN and Judges COX, GIERKE, and WISS concur.

---

3. Note that General Court–Martial Order No. 8 should reflect the dates of the offense alleged in specification 2 of Charge II as 1 October 1988 through 1 June 1989. (R.144.) A corrected GCMO should be issued and a copy provided to this Court.