UNITED STATES, Appellee

v.

Carlos O. PALMER, Specialist
U.S. Army, Appellant

No. 01-0034

Crim. App. No. 9801039

---

United States Court of Appeals for the Armed Forces

Argued April 24, 2001

Decided June 29, 2001

GIERKE, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and SULLIVAN, EFFRON, and BAKER, JJ., joined.

Counsel

For Appellant:  Captain Maanvi M. Patoir (argued); Colonel Adele
   H. Odegard, Lieutenant Colonel David A. Mayfield, and Major
   Mary M. McCord (on brief); Captain Stephanie L. Haines.

For Appellee:  Captain Paul T. Cygnarowicz (argued); Colonel
   David L. Hayden, Lieutenant Colonel Edith M. Rob, and Major
   Anthony P. Nicastro (on brief).

Military Judge:  Paul L. Johnston

**This opinion is subject to editorial correction before publication.**

Judge GIERKE delivered the opinion of the Court.

A special court-martial composed of officer and enlisted members convicted appellant of unlawful possession, distribution, and use of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The court-martial sentenced appellant to a bad-conduct discharge, confinement for 6 months, forfeiture of $617 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening authority reduced the period of confinement to 4 months and 3 days but approved the remainder of the sentence. The Court of Criminal Appeals affirmed the findings and sentence.

This Court granted review of the following issue:

> WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS ERRED IN RULING THAT APPELLANT HAD FAILED TO ESTABLISH THAT THE MILITARY JUDGE COMMITTED PLAIN ERROR BY EXCLUDING EVIDENCE OF A PRIOR INCONSISTENT STATEMENT WHEN A VALID BASIS OF ADMISSIBILITY HAD BEEN MADE AND THE MILITARY JUDGE KNEW THAT THE EVIDENCE WAS CRUCIAL TO THE DEFENSE CASE.

For the reasons set out below, we affirm.

## Factual Background

At about 3:00 a.m. on January 26, 1998, a civilian police officer stopped to render assistance to appellant, whose automobile was in a ditch. When appellant rolled down the window, the officer noticed a strong odor of alcohol. Appellant failed several field sobriety tests and was arrested for driving under the influence of alcohol. During an inventory of appellant's car in preparation for towing it, three cellophane bags of marijuana were seized.

At trial, three witnesses testified about appellant's possession, distribution, and use of marijuana. One witness,

Private First Class (PFC) Sean Boggs, testified that he purchased marijuana from appellant and smoked marijuana with him after each purchase on "about seven or eight" occasions.  Defense counsel cross-examined PFC Boggs but did not ask him about any inconsistent, out-of-court statements.  PFC Boggs was permanently excused as a witness with no objection from the defense.

During the defense case, Specialist (SPC) Timothy Sauls was asked to relate a conversation he overheard between PFC Boggs and appellant.  The prosecution objected on hearsay grounds.  During a hearing outside the presence of the members, the military judge asked, "[W]hat is it you want this witness to testify to?"  The following colloquoy ensued:

> DC: Well, Your Honor, PFC Boggs—this soldier is privy to a conversation that Boggs had with Specialist Palmer when Boggs told Palmer that Palmer didn't do anything with regards to what he is being charged with.  <u>And that statement was made by Boggs and it goes to his state of mind at the time the statement was made, and it's not going—it's not hearsay.</u>

> MJ:  So, what you want to do is have this witness testify that on some occasion after the accused was charged, Boggs said to the accused, you didn't do what you are charged with?

> DC:  Something to that effect, Your Honor.  Boggs made a statement after Boggs made his 24 February statement with regards to what's true and what's not true in his statement, and I believe this witness has some information that goes to the actual credibility of Boggs' statements.

> MJ:  Yes, Captain King?  You are standing?

> ATC:  Yes, thank you, Your Honor.  First of all, Your Honor, if the defense wants to attack Boggs' credibility, he certainly could have asked this question of Boggs while he was on the stand.  To offer hearsay under this —- under this premise that it goes to some mental state or emotional condition of Boggs while having Sauls testify about it, the - the government submits it's not authorized, and that is clearly a hearsay case.

> MJ: Well, I am going to sustain the government's objection to that one question. I do believe it is hearsay. <u>I have reviewed Military Rule of Evidence 803(3), an exception to the hearsay rule cited by defense counsel about then existing mental state, and I don't believe that this is the type of statement that would fall within that exception to the hearsay rule in that it's not talking about a mental state of Boggs as to what he is going to be doing at some point in the future.</u> It appears to me that what you are trying to do is get in through hearsay Boggs' opinion about something, so I am not—<u>I just don't see that this fits within the exception that you cited.</u> I am going to sustain the objection.

(Emphasis added.) Defense counsel did not proffer any other basis for admitting SPC Sauls' testimony. After a short recess, the defense rested.

Appellant now argues that SPC Sauls' testimony was obviously admissible under Mil. R. Evid. 613, Manual for Courts-Martial, United States (2000 ed.),[*] to prove that Boggs made a statement prior to trial that was inconsistent with his testimony at trial, and that the military judge should have recognized it as such based on the context. The Government asserts that defense counsel did not proffer the evidence with sufficient specificity to put the military judge on notice of the grounds for admissibility now asserted on appeal. The Government argues that, because of the inadequate proffer, appellant failed to preserve the issue for appeal.

Mil. R. Evid. 103(a)(2) provides in pertinent part:

> Error may not be predicated upon a ruling which admits or excludes evidence unless the ruling materially prejudices a substantial right of a party, and

*   *   *

---

[*]All Manual provisions are identical to the ones in effect at the time of appellant's court-martial.

> In case the ruling is one excluding evidence, the substance of the evidence was made known to the military judge by offer or was apparent from the context within which questions were asked.

Mil. R. Evid. 613(b) provides:

> Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require.

Although the usual practice is to confront the witness with the inconsistent statement during cross-examination, it is permissible to delay any mention of the inconsistent statement until other witnesses are called. See United States v. Callara, 21 MJ 259, 264-65 (CMA 1986); Stephen A. Saltzburg, Lee D. Schinasi, and David A Schlueter, Military Rules of Evidence Manual 809 (4th ed. 1997); Drafters' Analysis of Mil. R. Evid. 613(b), Manual, supra at A22-49.

Mil. R. Evid. 803(3), relied on by the defense at trial, provides that a statement is not hearsay if it is--

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of [the] declarant's will.

(Emphasis added.) In United States v. Means, 24 MJ 160, 162 (CMA 1987), this Court held, "When a ruling excludes evidence, appellate review of the correctness of the ruling is not preserved unless 'the substance of the evidence was made known to the military judge by offer or was apparent from the context within which questions were asked.'" Military judges are not

5

expected to be clairvoyant. When the basis for admissibility is not obvious, "an offer of proof is required to clearly and specifically identify the evidence sought to be admitted and its significance." Id. at 162-63.

United States v. Hudson, 970 F.2d 948, 957 (1st Cir. 1992), cited by appellant, set out the general rule: If evidence is excluded at trial because it is inadmissible for the purpose articulated by its proponent, the proponent cannot challenge the ruling on appeal on the ground that the evidence could have been admitted for another purpose. A purpose not identified at trial does not provide a basis for reversal on appeal.

We review a military judge's ruling excluding evidence for abuse of discretion. United States v. Sullivan, 42 MJ 360, 363 (1995). The proponent of evidence has the burden of showing that it is admissible. United States v. Shover, 45 MJ 119, 122 (1996). Because of defense counsel's vague and misdirected proffer, we hold that the military judge did not abuse his discretion by sustaining the Government's objection to the evidence. Means, 24 MJ at 163.

Defense counsel offered the evidence under Mil. R. Evid. 803(3) as evidence of PFC Boggs' state of mind. He did not sufficiently link Boggs' state of mind to the credibility of his testimony. He made no effort to reconcile his theory of admissibility with the limitation in Mil. R. Evid. 803(3) that makes it inapplicable to "a statement of memory or belief to prove the fact remembered or believed."

Unlike the situation in Hudson, supra, defense counsel never asserted that SPC Sauls' testimony was admissible to impeach PFC

6

Boggs. Defense counsel did not mention Mil. R. Evid. 613, utter the word "inconsistent" or anything equivalent to it, or alert the military judge to the theory of admissibility now urged on appeal. Although Mil. R. Evid. 103(a)(2) does not require counsel to cite the rule by number or to quote specific words from the rule, counsel is required to alert the military judge to the significance of the proffered evidence. In this case, defense counsel did not allude to the inconsistency between Boggs' pretrial statement and his trial testimony as the basis for admission. Instead, he focused the military judge on the hearsay exception based on Boggs' state of mind. If defense counsel had two theories of admissibility, it was incumbent on him to alert the military judge to both theories, especially when it became apparent that the military judge was ruling only on the basis of Mil. R. Evid. 803(3).

It is clear that the military judge was not alerted to the possibility of a prior inconsistent statement. He observed, without contradiction, that defense counsel was trying to "get in through hearsay Boggs' opinion about something." Defense counsel made no effort at that point to focus the military judge on any inconsistency between Boggs' testimony in court and the conversation allegedly overheard by SPC Sauls.

## Decision

The decision of the United States Army Court of Criminal Appeals is affirmed.