*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

───────────────

**UNITED STATES**
Appellee

**v.**

**David C. CARPENTER II, Senior Airman**
United States Air Force, Appellant

**No. 17-0476**
Crim. App. No. 38995

Argued January 10, 2018—Decided March 20, 2018

Military Judge: Matthew P. Stoffel

For Appellant: *Stephen H. Carpenter Jr.* Esq. (argued); *Major Allen S. Abrams.*

For Appellee: *Major J. Ronald Steelman III* (argued); *Colonel Katherine E. Oler* and *Lieutenant Colonel Joseph Kubler* (on brief); *Mary Ellen Payne*, Esq.

Judge OHLSON delivered the opinion of the Court, in which Chief Judge STUCKY, Judges RYAN and SPARKS, and Senior Judge COX, joined.

───────────────

Judge OHLSON delivered the opinion of the Court.

Contrary to his pleas, a military judge sitting as a general court-martial convicted Appellant of a consolidated specification of sexual assault of a child who had reached the age of twelve years but had not reached the age of sixteen years in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b (2012). The military judge sentenced Appellant to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and sentence. We granted review pursuant to Article 67, UCMJ, 10 U.S.C. § 867 (2012).

## I. Background

Appellant's conviction stems from his sexual activity with a then-thirteen-year-old male, J.M. Appellant answered a sexually explicit ad posted by J.M. on Craigslist.

The ad listed J.M.'s age as twenty and his height as five feet ten inches,[1] and it stated in graphic detail the sexual encounters J.M. was seeking.

Appellant responded to J.M.'s Craigslist ad and the two began e-mailing one another. After multiple e-mails, they initiated a Skype chat where they could see each other over video and communicate via typed chat messages. In his testimony at trial, J.M. later acknowledged that the sexually explicit language he used in the Skype chat could be viewed as "shocking."

After more e-mail communication, Appellant and J.M. arranged to meet. J.M. informed Appellant that he did not have a car and that Appellant would need to pick him up at the side of the house with the car lights turned off. When Appellant arrived, J.M. ducked under the windows of the house and ran to Appellant's car. J.M. was barefoot and wearing only boxer shorts and a t-shirt, and Appellant told J.M. he looked young for his age. Once inside Appellant's room, Appellant and J.M. engaged in oral and anal sex.

J.M. had other sexual encounters with adult men before and after his meeting with Appellant.[2] In each instance, J.M. posted Craigslist ads which contained extremely graphic and explicit descriptions of the sexual activities in which he wanted to engage. Each ad listed his age to be around twenty and his height at five feet ten inches.

One of those men, R.K., testified at Appellant's court-martial. He testified that after Appellant's sexual encounter with J.M., Appellant sent R.K. a copy of Appellant's and J.M.'s Skype chat messages. R.K. also testified that Appellant expressed some suspicion about J.M.'s age because he had seen J.M. outside of a high school wearing a back-

---

[1] J.M. testified that his actual height at the time was five feet eight inches.

[2] Information about J.M.'s other sexual encounters in both the record and appellate briefs were sealed pursuant to Military Rule of Evidence (M.R.E.) 412(c)(2) and Rule for Courts-Martial (R.C.M.) 1103A. Those records and briefs remain sealed and any discussion of sealed material in this opinion is limited to that which is necessary for the analysis. *See* R.C.M. 1103A(b)(4).

pack. R.K.'s initial testimony was used to introduce the Skype chat into evidence.

After R.K.'s initial testimony, J.M. testified that he engaged in oral and anal sex with R.K. and that they met through Craigslist.[3] R.K. was again called to the stand and trial defense counsel questioned him on whether Appellant seemed worried about J.M.'s age when he sent R.K. the copy of the Skype chat. Trial defense counsel did not ask R.K. any questions about his personal belief about J.M.'s apparent age.

Trial defense counsel filed a motion in limine seeking to present evidence of J.M.'s sexual encounters with other adult men pursuant to Military Rule of Evidence (M.R.E.) 412.[4] Trial defense counsel wanted to introduce this evidence through cross-examination of J.M. The military judge held that the evidence was inadmissible because it was not relevant to Appellant's mistake of fact as to J.M.'s age.

The CCA affirmed Appellant's conviction and sentence, concluding in part that J.M.'s other sexual encounters were irrelevant because Appellant did not know of them at the time of his sexual acts with J.M.[5] 2017 CCA LEXIS 273, at *9, 2017 WL 1735175, at *3.

---

[3] J.M. responded to a Craigslist ad posted by R.K.

[4] "M.R.E. 412 states that evidence offered by the accused to prove the alleged victim's sexual predispositions, or that [he] engaged in other sexual behavior, is inadmissible except in limited contexts. The rule is intended to shield victims of sexual assaults from the often embarrassing and degrading cross-examination and evidence presentations common to [sexual offense prosecutions]." *United States v. Ellerbrock*, 70 M.J. 314, 317–18 (C.A.A.F. 2011) (second set of brackets in original) (internal punctuation omitted) (footnote omitted) (citations omitted).

[5] The CCA was mistaken in concluding that J.M.'s sexual encounters were irrelevant because Appellant did not know of them at the time of his sexual acts with J.M. However, we repeatedly have held that when reviewing a military judge's ruling for an abuse of discretion, we pierce the CCA's opinion and examine the military judge's ruling directly. *E.g.*, *United States v. Shelton*, 64 M.J. 32, 37 (C.A.A.F. 2006). The CCA also held that the evidence would have been too speculative. *United States v. Carpenter*, No.

We granted review of the following issue:

> Whether the [CCA] erred in limiting the cross-examination of the complaining witness under Military Rule of Evidence 412 on an issue showing that Appellant's subjective mistake of fact as to the complaining witness's age was objectively reasonable.

*United States v. Carpenter*, 76 M.J. 432 (C.A.A.F. 2017) (order granting review).

## II. Analysis

On appeal before this Court, Appellant argues two inter-related points. Appellant first argues that an accused cannot be convicted in a case such as this one if the accused demonstrates both that he *subjectively* believed that the person with whom he had sex had attained the age of consent, *and* that his belief was *objectively reasonable. United States v. Goodman*, 70 M.J. 396, 401 (C.A.A.F. 2011). Appellant next argues that the military judge erred in his application of M.R.E. 412 in this case because he prevented trial defense counsel from eliciting from J.M. testimony that would have directly supported the objective prong of Appellant's mistake of fact defense.

We conclude that there is a foundational problem with Appellant's position. Namely, the argument that Appellant now makes before this Court is not the argument he made before the military judge. Specifically, Appellant argues on appeal that "the more often J.M. successfully convinced other adult men that he was as old as he claimed to be in his on-line personal ads, the more Appellant's subjective mistake turns objectively reasonable." Brief for Appellant at 7, *United States v. Carpenter*, No. 17-0476 (C.A.A.F. Aug. 14, 2017). However, in a motion in limine at the court-martial, trial defense counsel argued that J.M.'s "sexual activity with someone other than the accused prior to the charged offense is relevant to show the alleged victim had knowledge beyond his tender years before engaging in sexual acts with the accused."

---

ACM 38995, 2017 CCA LEXIS 273, at *9–10, 2017 WL 1735175, at *3 (A.F. Ct. Crim. App. April 21, 2017) (unpublished).

The distinction between the defense argument made at trial and the defense argument now made on appeal cannot be attributed to inartful drafting of the motion in limine. Rather, several factors contained in the record make it evident that Appellant was employing a different legal strategy at trial than the one he now seeks to employ on appeal.

First, the plain language of Appellant's motion in limine is quite clear. Appellant was seeking to have J.M. testify about his other sexual experiences with adult men in order to bolster Appellant's testimony that: (a) J.M. was the one who brazenly initiated the sexual encounter through the use of a Craigslist ad that was extremely graphic and that misrepresented J.M.'s age; and (b) once J.M.'s sexual encounters began, J.M. acted in a sexual manner that was "beyond his tender years."

Second, during his ruling from the bench regarding the defense's motion, the military judge characterized the defense position as follows:

> The Defense desires to cross-examine J.M. on the contents of all Craigslist postings J.M. made … specifically as it relates to J.M.'s stated age in these posts and the specificity in J.M.'s sexual desires/demands. The defense argues that such cross-examination is constitutionally required as it is relevant to a mistake of fact as to age defense, demonstrates the maturity level of J.M., and makes the accused more believable.
>
> ….
>
> The defense desires to admit evidence of J.M.'s sexual encounters with other adult males prior to the alleged sexual assaults as evidence of J.M.'s sexual history as being greater than a 13-year-old would normally experience to demonstrate why the accused would have an honest and reasonable belief that J.M. was not under 16 years of age. The defense proffers that J.M.'s past experiences would provide him more confidence in sexual activity than would be expected from a 13-year-old.

Trial defense counsel did not object regarding the military judge's characterization of his argument, and did not seek to recast his argument in a manner more consistent with the defense argument now made on appeal.

And third, when he had the opportunity to question R.K., trial defense counsel's line of inquiry was consistent with the contours of his motion in limine and not with the framework of the defense argument now made on appeal. In other words, Appellant now avers that the military judge abused his discretion because the judge did not permit him to ask J.M. questions regarding what J.M.'s adult sexual partners initially thought about J.M.'s age based on factors *other than the Craigslist ad*. And yet, when an adult male with whom J.M. had sex was on the witness stand, trial defense counsel did not even attempt to ask R.K. those types of questions.

We are obligated to review a "military judge's ruling on whether to exclude evidence pursuant to M.R.E. 412 for an abuse of discretion." *Ellerbrock*, 70 M.J. at 317. That is a stringent standard of review. Moreover, our review for error is properly based on a military judge's disposition of the motion submitted to him or her—not on the motion that *appellate* defense counsel now wishes *trial* defense counsel had submitted. *See United States v. Lloyd*, 69 M.J. 95, 100–01 (C.A.A.F. 2010) ("In reviewing a military judge's ruling for abuse of discretion … we review the record material before the military judge. We find that the military judge did not abuse her discretion by failing to adopt a theory that was not presented in the motion at the trial level."); *United States v. Palmer*, 55 M.J. 205, 208 (C.A.A.F. 2001) ("If defense counsel had two theories of admissibility, it was incumbent on him to alert the military judge to both theories …. ").

In the context of the argument made by trial defense counsel in the motion in limine, we conclude that the military judge's decision to exclude evidence pursuant to M.R.E. 412 was not clearly erroneous. J.M. testified to engaging in sexual activity with R.K.—who was an adult male like Appellant—and to initiating the sexual encounter with Appellant through an extremely graphic Craigslist ad. Therefore, it was not an abuse of discretion for the military judge to conclude that additional evidence regarding J.M.'s prior sexual encounters with other adult males, and details about J.M.'s consequent advanced sexual knowledge, was not relevant to the question of whether it was objectively reasonable for Appellant to initially engage in sexual conduct with J.M.

*See United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004) ("An abuse of discretion means that 'when judicial action is taken in a discretionary matter, such action cannot be set aside by a reviewing court unless it has a definite and firm conviction that the [trial court] committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors.' " (citation omitted)).

### III. Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.