# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant CARROLL A. GAITHER**
**United States Army, Appellant**

ARMY 20160287

Headquarters, III Corps and Fort Hood
Douglas K. Watkins, Military Judge (arraignment)
Charles L. Pritchard Jr., Military Judge (trial)
Lieutenant Colonel Yvonne L. Sallis, Acting Staff Judge Advocate

For Appellant: Captain Daniel C. Kim, JA; Wade N. Faulkner, Esq. (on brief).

For Appellee: Colonel Tania M. Martin, JA; Major Cormac M. Smith, JA; Captain Natanyah Ganz, JA (on brief).

27 August 2018

-------------------------------
SUMMARY DISPOSITION
-------------------------------

Per Curiam:

A panel of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of conspiracy to obstruct justice, maltreatment of a subordinate, making a false official statement, and two specifications of rape by unlawful force, in violation of Articles 81, 93, 107, and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 893, 907, and 920 (2012) [UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved so much of the adjudged sentence as provided for a dishonorable discharge, confinement for seven years and eleven months, forfeiture of all pay and allowances, and reduction to E-1.[1]

---

[1] The convening authority granted clemency in the form of thirty (30) days of confinement credit against the sentence to confinement due to the delay in post-trial processing.

Appellant's case is now before us for review pursuant to Article 66, UCMJ. Appellant raises three assignments of error, two of which merit discussion, but not relief. Appellant also personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After due consideration, we find that appellant's *Grostefon* matters do not warrant discussion or relief.

### *Military Judge Erred in Admitting Evidence*

Appellant's first assignment of error asserts the military judge erred by admitting government evidence of the dissociative drug Ketamine[2] and that this admission substantially prejudiced appellant's right to a fair trial.

In preparation for trial, appellant's defense counsel submitted a motion in limine to preclude the government from presenting evidence of dissociative drugs pursuant to Military Rules of Evidence [Mil. R. Evid] 401 and 403. The government opposed appellant's motion indicating that it sought to introduce evidence to include access and availability of Ketamine outside the installation and expert testimony that physical effects experienced by the victims was consistent with the ingestion of dissociative drugs.[3] The military judge held an Article 39a, UCMJ, 10 U.S.C. §839(a) (2012), session on the matter, and subsequently issued his detailed written ruling denying appellant's motion in limine.

This court reviews a military judge's decision to admit or exclude evidence for an abuse of discretion. *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010) (internal quotation marks and citations omitted). The military judge's findings of fact are reviewed under a clearly erroneous standard and conclusions of law, de novo. *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995). If the court finds the military judge abused his discretion, it then reviews the prejudicial effect of the ruling de novo. *United States v. Roberson*, 65 M.J. 43, 47 (C.A.A.F. 2007).

---

[2] Ketamine "is a rapid acting general anesthetic producing an anesthetic state characterized by profound analgesia." *Physician's Desk Reference* 1616-18 (44th ed. 1990). Ketamine is a Schedule III drug under the Controlled Substances Act. 21 C.F.R. § 1308.13(c)(6) (2012).

[3] The offenses for which appellant was convicted occurred at Camp Bondsteel, Kosovo, thus the availability of dissociative drugs, such as Ketamine, outside the installation was at issue.

Contrary to appellant's assertion, we find the military judge did not abuse his discretion in denying appellant's motion in limine. His ruling was supported by detailed findings of fact and was well within the range of reasonable conclusions. Given the threshold is low under Mil. R. Evid. 401, we agree that evidence of Ketamine was relevant. Here, the government sought to explain the victim's physical symptoms and behavior during the sexual assaults were consistent with ingestion of a dissociative drug, and inconsistent with the ingestion of a single alcoholic drink. Thus, expert testimony to explain the consistency and evidence of availability and access to Ketamine was logically relevant. We also accept, as reasonable, the military judge's balancing under Mil. R. Evid. 403 whereby he detailed his determination that the probative value of such evidence was not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the members, undue delay, wasting time or needlessly presenting cumulative evidence.

Even assuming arguendo the military judge erred in admitting evidence of Ketamine as appellant alleges, we do not conclude that such an error would have resulted in material prejudice to appellant's substantial rights. Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2012). In reviewing the record, we are convinced that evidence of Ketamine had virtually no impact on the panel members' findings. The panel acquitted appellant of all four specifications of sexual assault requiring proof of the victim's substantial impairment by "drugs, intoxicants or similar substances." The offenses for which appellant was found guilty did not necessitate proof of incapacitation as a result of Ketamine or a similar drug. This included the finding of guilty of the offense of maltreatment, Article 93, UCMJ, where the panel excepted out that the victim was under the influence of "an intoxicant." [4]

*Unlawful Command Influence*

Appellant's second assignment of error asserts the military judge erred by denying his motion to dismiss his case with prejudice because of unlawful command influence (UCI).

---

[4] The Specification of Charge II states, "In that [appellant], U.S. Army, at or near Camp Bondsteel, Kosovo, on or about 31 May 2014, was cruel toward and did maltreat [SPC R], a person subject to his orders, by performing sexual acts upon her while she was under the influence of alcohol and an intoxicant, and assisting in the performance of sexual acts upon her by Master Sergeant Sinika T. Fitch, Sergeant First Class Michael E. Gee, and Sergeant First Class Aaron D. Keller, while the said [SPC R] was under the influence of alcohol and an intoxicant."

During trial, appellant filed a motion to dismiss claiming UCI based on Teal Hash #17.[5] Teal Hash #17 is a one-page memorandum published by the Fort Hood Chief of Staff that was distributed command wide. Teal Hash #17 summarized the results of a prior court-martial involving one of appellant's alleged co-conspirators. It also addressed sexual assault warning signs present in the tried case and reminded commanders' of their responsibility to eliminate sexual assault through a comprehensive program that includes training, education, victim advocacy, response, and follow-up. Teal Hash #17 did not identify appellant, his case, nor did it specify the need for a particular outcome in any case.

Having the initial burden of raising the issue of UCI under *Biagase*, appellant proffered some evidence in an attempt to show Teal Hash #17 constituted UCI and there was a logical connection to potential unfairness in his case. *United States v. Biagase,* 50 M.J. 143, 150 (C.A.A.F. 1999). The proffer of evidence included testimony from a former supervisor, CPT R, and appellant.

Captain R testified that as a result of the publication of Teal Hash #17, soldiers in appellant's brigade would not come forward for fear of reprisal. Captain R based this belief on nothing more than her perception that "when the message came out, there was a kind of – like gloom that – the climate changed." Captain R offered no specific instances of soldiers refusing to come forward for fear of reprisal, but rather admitted she did not know of any soldier unwilling to testify on appellant's behalf. Lastly, she admitted that she would be testifying on behalf of appellant notwithstanding Teal Hash #17. Appellant also testified that three soldiers who initially indicated they would be willing to serve as character witnesses, have not been responsive. On further examination, however, appellant admitted he did not know the reasons for their lack of responsiveness, to include whether or not it was caused by the publication of Teal Hash #17.

The military judge permitted extensive voir dire of the panel members with respect to the allegation of UCI. While voir dire revealed that two prospective panel members were generally aware of the distribution of the Teal Hash memorandum at

---

[5] During the Article 39a session on the motion, appellant raised for the first time another alleged instance of UCI. Appellant testified that his battalion executive officer (XO) made remarks at a briefing regarding senior NCO's within the battalion being subject to investigations involving sexual assault and that these people would likely be kicked out of the Army. Appellant does not offer sufficient evidence to show that these purported remarks constitute UCI and that there was a logical connection between these statements and any potential unfairness in his case. We therefore, agree with the military judge's findings and conclusions that appellant failed to provide sufficient evidence that the purported remarks by the battalion XO constitute UCI.

Fort Hood, neither member could specifically recall seeing or reading Teal Hash #17. Appellant only challenged one of these two prospective panel members for cause, and it was granted by the military judge.

The military judge denied appellant's UCI motion making findings of fact and conclusions of law on the record. On appeal, appellant contends the military judge erred because he failed to conclude that appellant met the burden of raising UCI at trial, which then shifted the burden to the government, who in turn failed to meet it.

"Where the issue of unlawful command influence is litigated on the record, the military judge's findings of fact are reviewed under a clearly-erroneous standard, but the question of command influence flowing from those facts is a question of law that this Court reviews de novo." *United States v. Wallace,* 39 M.J. 284, 286 (C.M.A. 1994). When addressing the issue, this court must consider apparent as well as actual unlawful command influence. *United States v. Simpson,* 58 M.J. 368, 374 (C.A.A.F. 2003).

We agree with the military judge that appellant has failed to allege facts, which even if true, constitute UCI. Publishing Teal Hash #17 that summarizes results of a public trial, discusses warning signs associated with sexual assault and reminds commanders of their responsibilities in relation to incidents of sexual assault is, without more, neither actual nor apparent UCI. Additionally, appellant's claim that his court-martial was improperly influenced as a result of the publication of Teal Hash #17 is nothing more than mere speculation. Appellant has failed to produce any evidence whatsoever that *any* potential witness was chilled or that any panel member was improperly influenced as a result of its publication.

## CONCLUSION

On consideration of the entire record, and the assigned errors, to include those matters personally raised by appellant pursuant to *Grostefon*, 12 M.J. 431, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court